## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Paul Edward Monasky

October 2, 1974

Case No. 44159

BY JUDGE ROBERT J. ROGERS

Defendant was charged with operating a motor vehicle on a highway in Virginia at the time his driver's permit had been suspended or revoked, in violation of Section 46.1-350 of the Code of Virginia. The alleged offense occurred on January 30, 1974, in a lane of the parking lot of the Patrick Henry High School in the City of Roanoke.

It was stipulated by the parties and admitted by the defendant that the defendant's permit was in a state of suspension or revocation, and the only issue is whether he was driving on a "highway" at the time of the incident.

It was further stipulated by the parties that the parking lot principally services the Patrick Henry High School, that both the school and the lot are owned by the City of Roanoke, and that the school and lot are operated and maintained by the City School Board with public funds appropriated by the City. Regulations pertaining to the school and the parking lot were introduced in evidence in the form of a city ordinance and a student handbook published by the high school.

A "highway" is defined by Section 46.1-1(10) of the Virginia Code as follows:

> Highway: The entire width between the boundary lines of every way or place of whatever nature open to the use of the public for purposes of vehicular travel in this State, including the streets, alleys and publicly maintained parking lots in counties, cities and towns.

The defendant contends that the purpose of the parking lot is to serve the needs of the high school and not the general public and that therefore the lot is not "open to the use of the public."

The Court does not agree. Both the school and the lot are publicly owned and maintained, and although their use is primarily dedicated to a certain segment of the people, namely, high school students, that fact does not alter their public nature. The evidence shows that the school and the lot are open to the general public without discrimination, distinction, or restriction, except for purposes of regulation to secure the maximum benefit and enjoyment of both facilities.

Regulation of the facilities is exemplified in the city ordinance on trespassing and in the student handbook setting forth certain rules of conduct. The handbook specifically provides that "Parking is open to all students and teachers . . . ." and that "Students not observing proper traffic rules will be subject to police action and loss of driving privileges."

The parking lot cannot be divorced from the facility it serves. The high school is clearly a public high school, and the same is true for the parking lot.

Defendant's position finds no support in *Commonwealth v. Prillaman*, 199 Va. 401, 100 S.E.2d 4 (1957). The parking lot in that case was privately owned and maintained and therefore did not fall within the statutory definition. It is also significant that the statutory definition at the time of *Prillaman* did not include the words "publicly maintained parking lots," which were added subsequent to that case.

The Court is accordingly of the opinion that the defendant was operating his vehicle on a "highway" within the meaning of the statute and that the defendant is therefore guilty of driving on a revoked license as charged in the warrant.